IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-46-SLR |
| CHAD MERCER, | : | |
| Defendant. | : | |

**DEFENDANT'S PRE-TRIAL MOTION TO SUPPRESS EVIDENCE AND STATEMENTS**

Defendant, Chad Mercer, through his counsel, Eleni Kousoulis, hereby moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an Order suppressing for use by the government any and all evidence seized from Mr. Mercer, on or about March 21, 2007, including any and all of Mr. Mercer's statements made to law enforcement officers.

In support of this motion Mr. Mercer submits as follows:

1. On March 21, 2007, New Castle County Police Officers stopped a vehicle in which Mr. Mercer was a passenger. Once the vehicle stopped, Mr. Mercer got out of the car and ran. Officers chased Mr. Mercer, tackling him to the ground. As the officers grabbed Mr. Mercer's hands, a gun allegedly fell from Mr. Mercer's person.[1]

---

[1] Any facts contained in this motion were taken from the police reports prepared with regard to this case. By including these facts in his pre-trial motion, Mr. Mercer in no way concedes that events transpired as stated in these reports. It is Mr. Mercer's position that an Evidentiary Hearing is needed to further develop the facts with regard to this motion through the adversarial process.

2.     Following his seizure, Mr. Mercer is alleged to have waived his <u>Miranda</u> rights and to have made several incriminating statements.

3.     The Fourth Amendment prohibits unreasonable searches and seizures. It is well-settled law that searches and seizures conducted without a warrant are per se unreasonable, and will only be allowed if they fall within a few well-delineated exceptions. <u>United States v. Katz</u>, 389 U.S. 347, 357 (1967).

4.     A seizure occurs at the application of physical force to restrain an individual or when the individual submits to a showing of authority by law enforcement officers. <u>United States v. Brown</u>, 448 F.3d 239, 245 (3d Cir. 2006) (citing <u>California v. Hodari D.</u>, 499 U.S. 621, 626 (1991).

5.     In the present case, there was no probable cause or reasonable suspicion to justify the initial stop of the car in which Mr. Mercer was a passenger, or to justify the subsequent seizure of Mr. Mercer. "When police make a traffic stop, a passenger in the car, like the driver, is seized for Fourth Amendment purposes and [] may challenge the stop's constitutionality." <u>Brendlin v. California</u>, 127 S.Ct. 2400, 2401, 2007 WL 1730143 (U.S.Cal.). A seizure without a warrant or probable cause may only be conducted in the form of a brief investigatory stop, when the officer has reasonable suspicion that the individual is engaged in criminal activity. <u>Couden v. Duffy</u>, 446 F.3d 483, 494 (3d Cir. 2006) (citations omitted).

6.     Mr. Mercer was clearly seized by police in this case. At the time of Mr. Mercer's seizure, there was no reasonable suspicion or probable cause to believe that he was involved in any criminal activity. Thus, any subsequent search of Mr. Mercer was illegal and in violation of the United States Constitution. Because the seizure was illegal, all evidence seized as a result of this illegal seizure, including any statements taken from Mr. Mercer following his seizure, must be

suppressed in accordance with the "fruit of the poisonous tree doctrine", as was expressed in <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963).

7. Mr. Mercer also moves under the Fifth Amendment and <u>Miranda</u> to suppress any statements he allegedly made during, or subsequent to, his illegal search and seizure.

8. The Supreme Court, relying on the Fifth Amendment, has made it clear that involuntary statements should be suppressed:

> It is now axiomatic that a defendant in a criminal case is deprived of due process of law if his conviction is founded in whole or in part upon an involuntary confession, without regard to the truth or falsity of the confession, and even though there is ample evidence aside from the confession to support the conviction.

<u>Jackson v. Denny</u>, 378 U.S. 368, 376 (1964) (citations omitted).

9. <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), firmly establishes that before the government can use statements obtained from the defendant through custodial interrogation, it must show both that the police adequately warned the defendant of his rights, such as his right to remain silent and to have court-appointed counsel, and that the defendant knowingly, voluntarily and intelligently waived those rights.

10. The government bears a heavy burden to prove that the defendant made such a waiver. <u>Brewer v. Williams</u>, 430 U.S. 387 (1977). Waiver in this context requires the "intentional relinquishment or abandonment of a known right or privilege." <u>Miranda v. Arizona</u>, 384 U.S. 436 (quoting <u>Johnson v. Zerbst</u>, 304 U.S. 458, 464 (1938)).

11. In the present case, there was no affirmative indication of understanding or voluntary waiver of the entire litany of constitutional rights. <u>See</u> <u>Miranda</u>, 384 U.S. at 473-74 (discussing that each right must be explained and attendant rights, such as the right to appointed counsel, must also

be specifically explained and understood by the defendant).

12. Upon a hearing in this matter, the facts will show that Mr. Mercer was not in the frame of mind at the time he was questioned by police to adequately understand his rights, and that he did not voluntarily waive them, and his statements were therefore not knowing or voluntary.

**WHEREFORE**, Mr. Mercer respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and subsequently enter an Order to suppress the evidence and statements as discussed above.

Respectfully submitted,

/s/
Eleni Kousoulis, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010
ecf_de@msn.com
Attorney for Defendant Chad Mercer

DATED: July 9, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-46-SLR |
| | : | |
| CHAD MERCER, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

The Court having considered Defendant Mercer's Motion to Suppress Evidence and Statements and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of _____, 2007, that any evidence seized at the time of Mr. Mercer's arrest in this case, including any statements made by Mr. Mercer, shall be suppressed.

 

Honorable Sue L. Robinson
United States District Court