**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Criminal Action No. 07-46-SLR |
| | ) | |
| CHAD MERCER | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S REPLY BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS**

Defendant Chad Mercer has moved to suppress any and all evidence obtained in connection with his arrest on February 21, 2007.  Mercer challenges the legality and admissibility of any evidence obtained as a result of the stop of the vehicle in which he was traveling, the police officer's pursuit of him, and subsequent statements he made to the police.  These challenges, however, fail both factually and legally.  Only by creating a factual scenario that is contrary to the evidentiary record and ignoring controlling precedent, can defendant raise any challenge to the government's evidence.  Accordingly, and for the reasons set forth more fully in the government's post-hearing brief and below, defendant's motion should be denied.

**ARGUMENT**[1]

**Officer Lagace Had Probable Cause To Stop Mercer's Vehicle.**

Defendant concedes that observation of a speeding vehicle gives rise to probable cause to

---

[1] In the interests of efficiency, the government fully incorporates the facts as set forth in its opening post-hearing brief.

stop that vehicle. (Def. Br. at 6-7.) See also United States v. Whren, 517 U.S. 806 (1996); Pennsylvania v. Mimms, 434 U.S. 106 (1977); United States v. Bonner, 363 F.3d 213, 216 (3d Cir. 2004). Defendant further acknowledges that the "totality of the circumstances surrounding the stop," control whether it was justified. Bonner, 363 F.3d at 217. Defendant argues that given the totality of the circumstances no such probable cause existed to justify the stop. This conclusion is simply incorrect— the totality of the circumstances that comprise the evidentiary record in this case establish probable cause to stop Mercer's vehicle for speeding.

    Mercer's argument is fatally flawed because it relies upon conjecture that is either inconsistent with or absent from the evidence present in the record. During the evidentiary hearing in this matter, Office Lagace agreed during cross-examination that he observed the vehicle for a split second as it traveled across an intersection at a high rate of speed. (Tr. 33.) Officer Lagace further testified that his opportunity to observe the vehicle for such a short period of time was a direct result of the high rate of speed at which it moved through the intersection. (Tr. 33.) Here the totality of the circumstances consist of: (1) observation of a vehicle moving quickly through an intersection, (2) in a residential neighborhood, (3) late at night, (4) by am officer with over seven years in law enforcement, all of which involved responsibility for issuing traffic citations. Taken together they are sufficient to establish probable cause to stop that vehicle for speeding. See State v. Maxwell, 624 A.2d 926, 930 (Del. 1993) (totality of circumstances justifies traffic stop if the give rise to "fair probability" that a crime has been committed).

    Defendant attempts to undercut a finding of probable cause by describing circumstances which draw no support from (and without any citation to) the evidentiary record. Mercer states

that Officer Lagace was distracted when he observed the vehicle, that he was looking down at the time, and that he had his interior car light on— rendering it (apparently in defendant's own opinion) more difficult to see things outside the vehicle. (Def.'s Br., 7.) Officer Lagace's testimony, however, contains no such qualifications. He did not testify that he was distracted or looking down, nor did he give any indication that he had any difficulty seeing outside of his vehicle. To the contrary, he testified that he "looked up...and noticed the vehicle speeding by ...[at] a very apparent high rate of speed." (Tr. 4.) At no point did he waiver in his testimony that he had a clear, albeit quick, view of the vehicle speeding and accordingly had probable cause to stop the vehicle in which defendant was a passenger.[2] Based upon Officer Lagace's observations and experiences, there was probable cause to stop the vehicle. Because the stop was legal, it does not give rise to any grounds to suppress evidence.

**Officer Lagace Was Justified in Chasing and Seizing Mercer**

Defendant next contends that even if Officer Lagace was justified in stopping the vehicle, his pursuit and seizure of Mercer were unlawful because he lacked reasonable suspicion. This contention flies in the face of controlling precedent that is precisely on point. See Bonner, 363 F.3d at 218 ("[f]light from a non-consensual, legitimate traffic stop (in which officers are authorized to exercise superintendence and control over the occupants of the car) gives rise to reasonable suspicion,"). In support of his position, defendant relies solely upon the conclusion

---

[2]Defendant also argues that Officer Lagace may have only seen the vehicle for a brief period not because it was speeding, but rather because he did not look up from his report until the vehicle was mostly through the intersection. (Def.'s Br., 7.) Although this theory is unsupported by the evidence, even if true, it would not defeat probable cause as Officer Lagace need not rule out all alternative explanations for his observations prior to stopping the vehicle. See Maxwell, 624 A.2d at 930.

articulated by the *dissent* in <u>Bonner</u>, which, of course, is not the law in this circuit.  Under <u>Bonner,</u> there is no question that Officer Lagace was justified in pursuing and seizing Mercer based solely upon his flight from the lawful traffic stop.[3]  Because both the vehicle stop and the pursuit of defendant were legal and justified there is not, as Mercer contends, a "poisonous tree."  Thus the fruits of those efforts should not be suppressed.

### Mercer's Miranda Waiver Was Knowing and Voluntary

Defendant contends that the statement given to Officer Lagace at the scene should be suppressed because he was intoxicated at the time and incapable of making a knowing and voluntary waiver of his <u>Miranda</u> rights.  (Def.'s Br., 11-12.)  Intoxication, however, does not automatically invalidate a <u>Miranda</u> waiver and the voluntariness of the statements subsequently given.  See <u>United States v. Casal</u>, 915 F.2d 1225, 1229 (8th Cir. 1990).  The totality of the circumstances dictates whether a defendant was too intoxicated to make a knowing waiver of those rights.  <u>See, e.g.</u>, <u>United States v. Prince</u>, 157 F. Supp.2d 316, 326 (D. Del. 2001).

In support of his motion to suppress these statements, Mercer argues only that he was intoxicated and displaying signs of intoxication such as glassy eyes and slurred speech.  At the hearing, Officer Lagace, who in the course of duty has often spoken with intoxicated individuals, testified that despite these outward signs of intoxication, he believed defendant was coherent and aware of what he was doing in speaking with the police.  (Tr. 22-23.)  Accordingly, the totality of the circumstances show that defendant was sufficiently coherent to make a knowing and

---

[3]As noted in the government's opening brief, Officer Lagace was also justified in his pursuit and arrest of Mercer based upon Mercer's statement during the pursuit that "I have warrants, I have warrants."  (Tr. 11.)  Although defendant again invents an alternative factual scenario in which Mercer stated that he had warrants only in response to questioning from Officer Lagace, the record is to the contrary.

voluntary waiver of his <u>Miranda</u> rights and the statements made to Officer Lagace at the scene of his arrest are admissible.

**<u>CONCLUSION</u>**

Defendant's Motion to Suppress Evidence and Statements is without merit. The initial vehicle stop was based upon probable cause and was both legal and justified. Officer Lagace's pursuit and seizure of Mercer were based upon the reasonable suspicion that arose in connection with his flight from the lawful traffic stop as well as Mercer's own admission during such pursuit that he had outstanding warrants. Finally, although there is some evidence defendant was intoxicated, he knowingly and voluntarily waived his <u>Miranda</u> rights in connection with statements he made at the scene of his arrest. Thus there is no basis for the suppression of the evidence and statements.

WHEREFORE, for the reasons set forth above, the United States respectfully requests that the Court deny defendant's Motion to Suppress Evidence and Statements.

Dated: October 5, 2007

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY:  /s/ Lesley F. Wolf
Douglas E. McCann
Lesley F. Wolf
Assistant United States Attorneys