**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 07-46-SLR |
| ) | |
| CHAD MERCER, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S REQUEST FOR SPECIAL VOIR DIRE**

NOW COMES the United States of America, by and through its undersigned attorneys, and hereby requests that the Court submit the following questions to the jury panel in the above-captioned case.

1. Does the length of this trial or the schedule contemplated by the Court present a special problem to any member of the panel?

2. Has any member of the panel heard or read anything about this case?

3. Has any member of the panel or your immediate family (defined as you spouse, child, parent, or sibling) or close friend had any business, social or personal dealings with either counsel individually or the United States Attorney's Office or the Federal Public Defender?

4. Has any member of the panel or your immediate family or close friend had any business, social or personal dealings with the defendant Chad Mercer?

5. Members of the panel, I am now going to read the names of witnesses who may be called in this case [witness lists to be provided]. Does any member of the panel know any of these persons?

6. Has any member of the panel ever served as a juror in a criminal or civil case or as a member of a grand jury in either state or federal court?

7. Has any member of the panel ever been involved, in any court, in any criminal matter, other than a minor traffic offense, that concerned yourself, a member of your immediate family or a close friend, either as the subject of an investigation, a defendant, a witness or a victim?

8. Has any member of the panel, a member of your immediate family or a close friend ever had any dealings – including being employed by, investigated by, or having any other association with – the Bureau of Alcohol Tobacco and Firearms (ATF), the New Castle County Police Department or any other law enforcement agency?

9. Would the fact that the ATF and the New Castle County Police Department are the primary investigating agencies in this case interfere with your ability to be fair and impartial?

10. This case involves the charge of possession of a firearm by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year. Is there anything about the nature of the charge that would prevent you from being an impartial juror?

11. Do you object to a law that prohibits people convicted of crimes punishable by imprisonment for a term exceeding one year from possessing a firearm, even after they have completed their sentence?

12. Do you have strong views supporting or opposing federal or state gun control laws? Would these views prevent you from being an impartial juror?

13. Have you, or any close relative, ever been the victim of gun violence or a crime that involved a firearm?

14. Do you have any pending claims against the United States?

15. If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions, or beliefs about the law you may have or that you may have encountered?

16. Is there any member of the panel who has any special disability or problem that would make serving as a member of the jury difficult or impossible?

17. Having heard the questions put to you by the Court, does any other reason suggest itself to you as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the court's instructions to you on the law?

        COLM F. CONNOLLY
        United States Attorney

By:    s/Lesley F. Wolf
      Lesley F. Wolf
      Assistant United States Attorney

Dated: February 22, 2008