**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No.: 07-46-SLR |
| | : | |
| CHAD MERCER, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE**
**ANY EVIDENCE OF PRIOR CONVICTIONS**
**PURSUANT TO FEDERAL RULE OF EVIDENCE 609**

## I.    INTRODUCTION

Defendant, Chad Mercer, has been charged in a one Count indictment which alleges that on or about February 21, 2007, Mr. Mercer was a felon, and was found in possession of a firearm, namely a Smith & Wesson Model 586 .357 caliber revolver, serial number AJY5877.  Mr. Mercer has two prior felony convictions, which, if he testifies at trial, the government should be precluded from using for impeachment purposes.

The defendant's prior convictions consist of the following:

1.    Assault Second Degree, sentenced on October 6, 2005.

2.    Assault Third Degree, sentenced on May 4, 2004.

Neither of these convictions are admissible under Federal Rule of Evidence 609.  These crimes lack the element of dishonesty or false statement, as required for automatic admission under Rule 609(a)(2).  Furthermore, under Rule 609(a)(1), these convictions do not have any probative value which would outweigh the prejudicial effect on the defendant.  These prior convictions only

illegitimately sully the defendant's character and are not probative of the defendant's character for veracity.

## II.    DISCUSSION

### A.    Federal Rule 609(a)(2) Prohibits the Government's Use of the Defendant's Prior Convictions to Impeach Him Because They Are Not *Crimen Falsi*

Mr. Mercer's prior convictions are inadmissible under Federal Rule of Evidence 609(a)(2). Rule 609(a)(2) provides, in relevant part:

> General rule. For the purpose of attacking the character of truthfulness of a witness, . . .evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

The Third Circuit followed the lead of the other circuits in *Cree v. Hatcher,* 969 F.2d 34 (3d Cir. 1992), in determining which crimes involve dishonesty or false statements. *Cree* was a medical malpractice suit in which the defendant impeached the plaintiff's expert with evidence that he had been convicted of willful failure to file a federal income tax return. *Id.* at 36. The Third Circuit reversed, noting that the Federal Rules require an element of deceit. *Id.* at 37. Furthermore, because a district court cannot perform Rule 403 balancing under Rule 609(a)(2), the Court said that Rule 609(a)(2) must be interpreted narrowly to admit only evidence of those crimes that bear on a witness's propensity to testify truthfully. *Id.*

The *Cree* court interpreted Rule 609(a)(2) to automatically admit convictions involving dishonesty or false statement. The Third Circuit, as well as its sister circuits, agrees that the phrase "dishonesty and false statement":

> means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commission of which

> involves some element of deceit, untruthfulness, or falsification
> bearing on the accused's propensity to testify truthfully.

*Cree,* 969 F.2d at 37 (quoting H.R. Conf. Rep. No. 93-1597, 93d Cong., 2d Sess. 9, *reprinted in*

1974 U.S.C.C.A.N. 7098, 7103). As a result, current Third Circuit law dictates that the appropriately

narrow test for admissibility under Rule 609(a)(2):

> does not measure the severity or reprehensibility of the crime but
> rather focuses on the witness's propensity for falsehood, deceit, or
> deception. To conclude that evidence of a crime was admissible under
> Rule 609(a)(2) simply because the crime was reprehensible would do
> violence to both the text of Rule 609(a)(2) and the interpretive
> framework suggested by the Conference Committee.

*Cree,* 969 F.2d at 38. Moral turpitude is not enough; the crime by definition must contain dishonesty

as an element of the offense. *Id.* at 38 n. 2.

Applying the test to the facts in *Cree,* the Court noted that in some particular cases people

who fail to file tax returns may do so with the intent to hide income from the government. *Id.* at 38

n. 2. But the manner in which the witness committed his or her crime is irrelevant; instead, "what

matters is whether dishonesty or false statement is an element of the statutory offense." *Id.* (citing

*United States v. Lewis,* 626 F.2d 940, 946 (D.C.Cir. 1980)).

For the purpose of impeaching a witness under 609(a)(2), a conviction for assault does not

demonstrate dishonesty. Unless the government can show that there was something particularly

dishonest involved in Mr. Mercer's assault conviction germane to the narrow construction of Rule

609(a)(2) as articulated by *Cree,* the assault convictions fall outside of the category of *crimen falsi*

crimes and therefore cannot be admitted under Rule 609(a)(2) to impeach.

Under the rule established in *Cree,* Armstrong's prior convictions for assault are not

admissible under Rule 609(a)(2), as they are not *crimen falsi* because they do not involve dishonesty

or a false statement. Without dishonesty or false statement as an element of the conviction, neither

of Mr. Mercer's prior crimes are *crimen falsi* in this circuit; therefore, they are inadmissible.

**B.    Federal Rule of Evidence 609(a)(1) Also Excludes the Defendant's Prior Convictions Because They Are Prejudicial and Not Probative**

Pursuant to Federal Rule of Evidence 609(a)(1), evidence that the accused have been convicted of a felony offense is *only* admissible if the Court determines that the probative value of such evidence outweighs its prejudicial impact to the accused.  To determine whether the probative value of an old prior conviction outweighs its prejudicial effect, the Third Circuit relies on the test enunciated in *Government of Virgin Islands v. Bedford,* 671 F.2d 758 (3d Cir.1982).  In order to make this determination, the Third Circuit has recognized that the Court should consider several factors, including: (1) "the nature of the prior crime"; (2) "the age of the prior conviction"; (3) "the importance of the defendant's testimony"; and (4) "the importance of the defendant's credibility." *United States v. Johnson*, 388 F.3d 96, 103-04 (3rd Cir. 2004) (citing *Bedford,* 671 F.2d at 761 n. 4 (3d Cir. 1982)).

**1.    The Kind of Crime Involved**

Mr. Mercer is currently charged with possession of a firearm by a convicted felon and was previously convicted of assault.  In *United States v. Footman,* 33 F.Supp.2d 60 (D. Mass. 1998), the Court acknowledged that:

> admissibility of prior convictions creates a "halo effect" which causes the jury to view the defendant as "bad", regardless of the other evidence in the case.  A similar conviction exacerbates the impact. "Attribution theory" suggests that the "halo effect" of prior convictions is at its height in the jury setting.

*Id.* at 63 (citing Robert D. Okun, *Character and Credibility: A Proposal to Realign Federal Rules of Evidence 608 and 609,* 37 Vill. L. Rev. 533, 551 (1992)).  The "halo effect" is particularly worrisome in the present case because the admission of the past convictions will encourage the jury

to conclude that because of Mr. Mercer's prior wrongdoings he is likely to be the kind of person who carries a gun. This is precisely the type of reasoning prohibited by the Federal Rules of Evidence. Therefore, Mr. Mercer's previous convictions for assault has a prejudicial effect that outweighs their probative value for truthfulness.  As such, these convictions are not admissible for impeachment or any other purpose.

Additionally, Armstrong's previous convictions for possession of an instrument of crime should also be excluded because of their potential to prejudice the defendant.  Because a firearm is one of the possible instruments of crime Armstrong could have been convicted of possessing, there is the substantial likelihood that the jury will make the inference that because  Armstrong previously possessed an instrument of crime he likely possessed a gun in the instant case.  This is the kind of prejudice Rule 609(a)(1) is designed to prevent.  Furthermore, a previous conviction for possessing an instrument of crime is not probative for truthfulness.  Therefore, the first prong of the Third Circuit test weighs against admitting Armstrong's previous convictions for possessing an instrument of crime.

Furthermore, it is very unlikely that any limiting instruction will successfully steer the jury into considering this evidence in the context in which it is presented by the government.  "Anecdotal evidence and precedent, not to mention social science studies, make it quite clear that the jury cannot perform the mental acrobatics the Government would require of them, and further, that a limiting instruction would be useless." _Footman,_ 33 F.Supp.2d at 62. This substantive potential for unfair prejudice to Mr. Mercer outweighs any potential value his prior convictions may have.

## 2.     The Importance of the Defendant's Testimony to the Case and the Importance of the Credibility of the Defendant.

A defendant's testimony may be crucial to his case where he is the only witness who may provide certain significant information. If the defendant chooses to testify in that instance, it is vital that the Court preclude the admission of his prior convictions. Compare, *United States v. Givens,* 767 F.2d 574 (9th Cir. 1985) (trial court's decision to exclude defendant's conviction upheld, in part, because the jury needed to know about the defendant's alibi and how he came to acquire certain knowledge that appeared incriminating at trial) with, *United States v. Causey,* 9 F.3d 1341 (7th Cir. 1993) (admission of defendant's prior convictions proper because defendant's testimony was not required; other witnesses available to testify in support of defense theory of case).

Obviously, if the defendant chooses to testify, his credibility will become an issue, as with any witness brought before the Court. *Hart,* 1997 WL 634519 at *2. His veracity will indeed be essential to the case because he would provide testimony which directly contradicts the main element of the government's charge. See, *United States v. Payton,* 159 F.3d 49, 57 (10th Cir. 1998). However, Mr. Mercer's prior felony convictions provide little insight into his propensity to tell the truth. To the contrary, these convictions would tend to show only that Mr. Mercer may have a propensity to commit criminal acts. The jury may be led to believe that Mr. Mercer is presently guilty as charged because he has committed "bad acts" in the past. Admission of these convictions would serve only to confuse the jury. Thus, the prejudicial impact of admitting this evidence far outweighs any potential probative value.

Specifically, these convictions are not probative and would be so prejudicial as to taint any chance the defendant may have to receive a fair trial. As soon as the jury hears that he has some previous convictions for assault, the panel will most likely view Mr. Mercer as a violent criminal who

may be likely to carry a gun, given the nature of his prior convictions, and that he must have committed whatever offense the government has charged against him.

## III.    <u>CONCLUSION</u>

In summary, Federal Rule of Evidence 609 bars the government's use of Mr. Mercer's prior convictions to impeach him. These convictions do not involve any elements of dishonesty or false statement and cannot be admissible as required for admission under Rule 609(a)(2). Furthermore, admitting them for impeachment purposes would be highly prejudicial to the defendant while having no probative value as to his credibility on the witness stand pursuant to Rule 609(a)(1).

If Mr. Mercer decides to testify in the instant case, the government should be prohibited from impeaching him with his prior criminal convictions. Such a ruling is consistent with the fundamental notions of our jurisprudence involving a fair trial untainted by unduly prejudicial evidence that would tend to deflect the attention of the jury away from proof involving the specific crime charged in the instant indictment. The risk is that if the government is permitted to impeach the defendant with prior convictions, the focus of the jury would be deflected from the issues involving proof of the indictment by the fact finders' belief that the accused in a bad person. In this context, a limiting instruction may fall on deaf ears. The specter of a jury considering the evidence of prior convictions and concluding that if the defendant sinned before, he must have committed the instant crime becomes problematic. In this vein, the Federal Rules of Evidence have recognized the issue and developed rules that favor exclusion of such evidence when the witness is the accused.

**WHEREFORE,** the defendant, Chad Mercer, respectfully requests that the Court grant his Motion *in Limine* to Exclude Any Evidence of Prior Convictions Pursuant to Federal Rule of Evidence 609.

Respectfully Submitted,


_____/s/_____
Eleni Kousoulis, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware  19801
(302) 573-6010
ecf_de@msn.com
Attorney for Defendant Chad Mercer


Dated: February 25, 2008