**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,:** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Criminal Action No.: 07-46-SLR |
| | : | |
| **CHAD MERCER,** | : | |
| | : | |
| **Defendant.** | : | |

**DEFENDANT'S MOTION IN RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE*
REGARDING EVIDENTIARY ISSUES AT TRIAL**

Defendant, Chad Mercer, by and through his attorney, Eleni Kousoulis, Assistant Federal Public Defender, District of Delaware, files this Motion in Response to Government's Motion *in Limine*.

In support of this motion, the Defendant submits as follows:

1. The government is seeking at trial in this matter to introduce evidence of portions of defendant's audio-taped statement to police following his arrest in this case, but wants to preclude the defense from cross-examining the government's witnesses on other portions of the defendant's statements, which the government deems inadmissible.

2. This issue is controlled by the "rule of completeness" at Rule 106 of the Federal Rules of Evidence. Fed. R. Evid. 106 provides that "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."

3. "The general rule is that if the statement is comprised of both exculpatory and inculpatory remarks, all of the statement is admissible." Government of Virgin Islands v. Lovell, 378 F.2d 799, 806 n.8 (3d Cir. 1967).

4. There are alternate ways to make use of the rule of completeness. Pursuant to the plain text of the rule, the defense may ask the district court to order the government to introduce the complete statement when the matter is first raised in their case-in-chief. In the alternative, the defense can make the Court aware of the issue, and indicate that the defense will raise the omitted statements in cross-examination or in the defendant's own case. See Advisory Committee Notes to FRE 106 (stating that the rule does not "circumscribe the right of the adversary to develop the matter on cross-examination or as part of his own case.")

5. If the omitted statement meets the Rule 106 fairness standard, it is admissible even if it is hearsay. See United States v. Sutton, 801 F.2d 1346, 1368 (D.C. Cir. 1986) ("Rule 106 can adequately fulfill its function only be permitting the admission of some otherwise inadmissible evidence when the court finds in fairness that the proffered evidence should be considered contemporaneously. A contrary construction raises the specter of distorted and misleading trials, and creates difficulties for both litigants and the trial court"). See also Mueller and Kirkpatrick, Federal Evidence (3rd edition), Sec. 1:43, text at footnote 6 (stating that "a statement should be admissible if needed to provide context under Fed. R. Evid. 106 and to prevent misleading use of related statements even if the statement would otherwise be excludable as hearsay.")

6. Even if the rule of completeness is applied, the defense still has the right to preclude introduction of the defendant's statements which are irrelevant and/or unfairly prejudicial. See United States v. Wiggins, 509 F.2d 454, 462 (D.C. Cir. 1975) (error to let government witnesses describe

defendant's confession, including statement that he killed before, where other crime was not admissible; reference to prior murders could easily have been excised without impairing confession). See generally Mueller and Kirkpatrick, supra, Sec. 1:45, text at notes 10-13.    **WHEREFORE**, for the reasons set forth above, the Defendant, Chad Mercer, respectfully requests this Honorable Court permit the defense to introduce all or part of the defendant's statement, in line with the Fed. R. Evid. 106 and the case law set forth above.

                                                Respectfully Submitted,

                                                /s/
                                            Eleni Kousoulis, Esquire
                                            Assistant Federal Public Defender
                                            704 King Street, Suite 110
                                            Wilmington, Delaware  19801
                                            (302) 573-6010
                                            ecf_de@msn.com
                                            Attorney for Defendant Chad Mercer

Dated: February 27, 2008