CHARGE TO THE JURY

UNITED STATES OF AMERICA

v.

CHAD MERCER

Crim. No. 07-046-SLR

**ROBINSON, District Judge**
**March 13, 2008**

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the elements, or parts, of the crime that the defendant is accused of committing.

I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proven the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

2

## PRESUMPTION OF INNOCENCE
## BURDEN OF PROOF
## REASONABLE DOUBT

The defendant has pleaded not guilty to the crime charged in the indictment. A defendant starts trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

For the crime charged, the government must prove every element of that crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proven the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict as to that count. If you

3

are not convinced, say so by returning a not guilty verdict as to that count.

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case consists of the sworn testimony of witnesses - regardless of who may have called them; all exhibits received in evidence - regardless of who may have produced them; and all facts that have been agreed to or stipulated.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence. Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

In addition, the indictment is not evidence. It is merely the formal manner of accusing a person of a crime in order to bring him to trial. You must not consider the indictment as any evidence of the guilt of the defendant, or draw any inference of guilt from it.

During the trial, I may not have let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

5

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## INDICTMENT IS NOT EVIDENCE

The defendant has been charged by the government with violating federal law. The charge against the defendant is contained in an indictment.

As noted before, an indictment itself is not evidence. It merely describes the charge made against the defendant. It is nothing more than an accusation. You may not consider it as evidence of the guilt of the defendant. Even though an indictment was returned against the defendant, the defendant began this trial with absolutely no evidence against him.

The defendant has pleaded "not guilty" to the charge in the indictment and denies committing the offense alleged by the government. He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

8

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CREDIBILITY OF WITNESSES

You, the jurors, are the sole judges of the credibility, or the believability, of the witnesses you have seen during the trial and the weight their testimony deserves.

You should carefully scrutinize all the testimony each witness has given and every matter of evidence which tends to show whether he or she is worthy of belief. Consider each witness's intelligence, motive, and state of mind, as well as his or her demeanor while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to each side of the case, the manner in which each witness might be affected by the verdict, the interest any witness may have in the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Discrepancies in the testimony of different witnesses may, or may not, cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently. Likewise, the testimony of a witness may be discredited or impeached by showing that the witness has made an incorrect statement or has given a prior statement or testimony which is inconsistent with his or her testimony at this trial. It is the province of the jury to determine whether an incorrect statement or prior inconsistent statement discredits the witness's testimony.

But bear in mind that an innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

10

You have heard testimony of law enforcement officers, including federal agents. The fact that a witness may be employed by a law enforcement agency does not mean that his or her testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.  A law enforcement witness' credibility should be judged in the same way as any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be affected by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and, if so, to give that testimony whatever weight, if any, you find it deserves.

## NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.

In this case, the defendant presented evidence and produced witnesses. The defendant is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.

## AUDIO RECORDINGS - TRANSCRIPTS

You have heard an audio recording that was received in evidence, and you were given a written transcript of the recording.

Keep in mind that the transcript is not evidence and was not admitted into evidence. It was given to you during trial only as a guide to help you follow what was being said. The recording itself is the evidence. If you noticed any differences between what you heard on the recording and what you read in the transcript, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recording, you must ignore the transcript as far as those parts are concerned.

## DEFENDANT'S TESTIMONY

In a criminal case, the defendant has a constitutional right not to testify.

However, if he chooses to testify, he is, of course, permitted to take the witness stand

on his own behalf.  In this case, the defendant testified. You should examine and

evaluate his testimony just as you would the testimony of any witness.

## OPINION EVIDENCE (EXPERT WITNESS)

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from ATF Special Agent Scott Curley as an expert in firearms. Because of his knowledge, skill, experience, training, or education in the field of firearm identification, origin and interstate nexus, Special Agent Curley is permitted to offer an opinion in that field and the reasons for that opinion.

The opinion given by this witness should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing opinion testimony you may consider the witness's qualifications, the reasons for the witness's opinions, and the reliability of the information supporting the witness's opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinion entirely if you decide that Special Agent Scott Curley opinion is not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinion if you conclude that the reasons given in support of the opinion are not sound, or if you conclude that the opinion are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

15

## SPECIFIC INVESTIGATION TECHNIQUES NOT REQUIRED

During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques; for example, no fingerprints or DNA samples were taken for analysis. You may consider these facts in deciding whether the government has met its burden of proof because, as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, you are also instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case. Law enforcement techniques are not your concern.

Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proven beyond a reasonable doubt.

## NATURE OF THE CHARGES
## INTRODUCTION

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the indictment. Your job is limited to deciding whether the government has proved the particular crime was committed by the defendant. Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proven this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

17

## POSSESSION OF A FIREARM BY A FELON
## ELEMENTS OF THE OFFENSE

Count one of the indictment charges defendant Chad Mercer with possession of a firearm by a felon.  For you to find defendant guilty of this charge, the government must prove the following three elements beyond a reasonable doubt:

**FIRST:**  That, prior to the date of the offense alleged in count one of the indictment, defendant had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

**SECOND:**  That defendant knowingly possessed the firearm charged in count one of the indictment; that is, a Smith & Wesson Model 586.357 caliber revolver, serial number AJY5877; and

**THIRD:**  That the firearm had passed in interstate commerce before coming into defendant's possession in Delaware.

18

## STIPULATION REGARDING
## DEFENDANT'S PRIOR FELONY CONVICTION

With respect to the first element, the existence of a prior felony conviction, the parties have stipulated that defendant was convicted of a crime in the Superior Court for the State of Delaware in and for New Castle County, and that this crime was a felony, that is, a crime punishable by imprisonment for a term exceeding one year. The parties have also stipulated that this felony conviction occurred prior to the time defendant is alleged to have possessed the firearm charged in count one of the indictment.

I instruct you, in this connection, that the prior conviction that is an element of the charge here, and is not disputed, is only to be considered by you for the fact that it exists, and for nothing else. You are not to consider it for any other purpose, nor may you speculate as to what crime the prior conviction related.

The fact that the defendant was found guilty of another crime on another occasion does not mean that he committed this crime on or about February 21, 2007, and you must not use his guilt of the other crime as proof of the crime charged in this case except for the one element of this crime which I have mentioned. You may find the defendant guilty of this crime only if the government has proven, beyond a reasonable doubt, all of the elements of this crime.

19

## "FIREARM" - DEFINED

A firearm is any weapon which will, or is designed to, or may readily be converted to, expel a projectile by action of an explosive.

## KNOWING POSSESSION DEFINED

To establish the second element of the offense, the government must prove that defendant "knowingly" possessed the firearm in question. This means that the government must prove, beyond a reasonable doubt, that defendant possessed the firearm in question purposely and voluntarily, and not by accident or mistake, and that he know that the object was a firearm.

To "possess" means to have something within a person's control. The government does not have to prove that defendant physically held the firearm, that is, had actual possession of it. As long as the firearm was within defendant's control, he possessed it. If you find that defendant either had actual possession of the firearm or had the power and intention to exercise control over it, even though it was not in his physical possession - that is, that defendant had the ability to take actual possession of the object when he wanted to do so - you may find that the government has proven possession. Possession may be momentary or fleeting.

The government need not prove that defendant owned the firearm. The government also need not prove that defendant knew that he was breaking the law by possessing the firearm, or that he possessed the firearm with the intent to cause harm.

## IN OR AFFECTING INTERSTATE COMMERCE DEFINED

The third element that the government must prove, beyond a reasonable doubt, is that the firearm specified in the indictment was in or affecting interstate commerce. This means that the government must prove that at some time before the defendant's possession, the firearm had traveled in interstate commerce.

It is sufficient for the government to satisfy this element by proving that, at any time prior to the date charged in the indictment, the firearm crossed a state line. The government does not need to prove that defendant himself carried it across a state line, or to prove who carried it across or how it was transported. It is also not necessary for the government to prove that defendant knew that the firearm had traveled in interstate commerce.

In this regard, there has been evidence that the firearm in question was manufactured in a different state than the state where defendant is charged with possessing it. You are permitted to infer from this fact that the firearm traveled in interstate commerce; however, you are not required to do so.

22

## JUSTIFICATION DEFENSE

The defendant has presented a justification defense in this case. This defense provides a legal, valid justification for conduct otherwise considered criminal. The defendant may establish the defense of justification to the charge of being a felon in possession of a firearm by establishing the following four elements by a preponderance of the evidence:

(1) He was under unlawful and present threat of death or serious bodily injury;

(2) He did not recklessly place himself in a situation where he would be forced to engage in criminal conduct;

(3) He had no reasonable legal alternative (to both the criminal act and the avoidance of the threatened harm); and

(4) There is a direct causal relationship between the criminal action and the avoidance of the threatened harm.

In determining whether defendant has carried his burden of proving a justification defense, you may consider whether he possessed the firearm no longer than absolutely necessary.

As I have told you, the government bears the burden of proving all three elements of the charged offense, including that the defendant acted knowingly and voluntarily, beyond a reasonable doubt. It is the defendant's burden, however, to prove each element of the defense of justification by a preponderance of the evidence. To establish an element by a preponderance of the evidence means to prove that something is more likely so than not so. Thus, if you find that the defendant has proven, by a preponderance of the evidence, that he acted as a result of necessity or

23

justification, then you must return a verdict of not guilty.

## "ON OR ABOUT" - DEFINED

The government does not have to prove with certainty that the alleged crime occurred on the specific date charged in the indictment.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the crime was committed on a date reasonably near the date alleged.

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room, but only when all jurors are present. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that-- your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proven the defendant guilty beyond a reasonable doubt.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper and put the note in one of the envelopes provided; then give the envelope to the jury officer. The officer will give the envelope to me, and I will respond to your note as soon as I can. I will have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any

26

questions or messages normally should be written and signed by your foreperson who, by custom of this court, is the juror seated in the first seat, first row.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

## UNANIMOUS VERDICT

Your verdict, whether guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves the defendant's guilt beyond a reasonable doubt as to the crime charged.

To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

After you have reached unanimous agreement as to the guilt or innocence of the defendant with respect to the crime charged, you then return to the courtroom. Your foreperson will return the verdict to my courtroom deputy.

## VERDICT FORM

I have prepared a verdict form that you should use to record your verdict. If you decide that the government has proven the crime charged against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proven the crime charged against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Each of you should then sign the form, put the date on it, and return it to my courtroom deputy.

## PUNISHMENT

If you decide that the government has proven the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proven the defendant guilty beyond a reasonable doubt.

## COURT HAS NO OPINION

Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proven the defendant guilty beyond a reasonable doubt.

## END OF THE DAY

Let me finish with a general discussion about timing. We generally end our business day at 4:30. If we do not hear from you by 4:30, I will be sending a note into you to see whether you are close enough to a verdict to want to deliberate after 4:30 or whether you are going to recess for the evening and resume your deliberations in the morning of the next business day. You will need to respond in writing to that question.

I am going to remind you now, if you go home this evening and resume your deliberations the next business day, although you can talk about the case in the jury room, you can only talk when you are all present and participating. And when you go home, you are still not to talk about the case among yourselves or with anyone else. You are only supposed to talk about the case while you all are in the jury room.

So if you do go this evening, keep that instruction in mind. Unless I hear from you that you have a different schedule in mind, I will expect you all to come back the next business day at 9:30 a.m., unless you reach a verdict today. If you are recessing for the evening, again, you are not to start deliberating until you are all present in the jury room and participating together. Remember as well that you are not to read or listen to anything touching on this case, and you are not to conduct any independent investigation related to this case.

Because the lawyers have to make themselves available to respond to questions or receive the verdict, I generally give them between 12:00 and 1:00 to step away from the phone. So whenever you are deliberating over the lunch hour, let me remind you, if you ask a question between 12:00 and 1:00, you probably will not get an answer back right away because we are all going to be stepping away from our phones for a few

minutes.